IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ZHOU MING ZHENG, | : |
| Plaintiff, | : Civil No. 1:16-3634 (RBK) |
| v. | : **OPINION** |
| BEST FOOD IN TOWN I, LLC; JIAN LIN CHEN; and LIN YAN ZHAO, | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

**THIS MATTER** having come before the Court upon defendants Best Food In Town I, LLC, Jian Lin Chen, and Lin Yan Zhao's ("Defendants") motion for summary judgment. For the reasons set forth in the opinion below, Defendants' motion is **GRANTED**.

**BACKGROUND**

Zhou Ming Zheng ("Plaintiff") alleges violations of the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL") stemming from his employment with Defendants. *See* Compl. He was a salaried employee and worked as a kitchen helper for Defendants with a set monthly wage. His duties included washing and cutting vegetables, frying and cooking rice, preparing meat, and cleaning. His employment with Best Food in Town ended by May 2015.

Plaintiff asserts that Defendants engaged in a widespread pattern and practice of failing to pay employees, including Plaintiff, statutorily-mandated minimum wage and overtime compensation. He now demands (1) compensation for wages paid at less than the statutory

1

minimum wage; (2) unpaid overtime compensation; (3) liquidated damages; (4) pre-judgment and post-judgment interest; and (5) attorney fees and costs.

## II. STANDARD

### A. Summary Judgment Standard

The court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Matsushida Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'") (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Anderson*, 477 U.S. at 248. Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in her favor. *Id.* at 255; *Matsushida*, 475 U.S. at 587.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The nonmoving party must at least present probative evidence from which jury might return a verdict in his favor. *Id.* at 257. The movant is entitled to summary judgment where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on

which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III.   ANALYSIS

####   A.  FLSA Is Inapplicable Because Defendants' Business Grossed Under $500,000 per year.

In order to sustain a suit under the FLSA for minimum wage or overtime violations, the employee must work for an enterprise or business that "has employees engaged in commerce[1] or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." 29 U.S.C. § 203(s)(1)(a). This enterprise must have annual gross sales or business "not less than $500,000." *Id.*

Defendants have submitted individual and corporate tax returns to support their argument that their business does not reach this threshold. These include tax returns from 2013, 2014, and 2015; Defendants' gross corporate annual revenue ranged from $385,420 to $428,856. Plaintiff contends that Defendants' income tax records do not account for the entirety of Best Food in Town's sales. Plaintiff alleges unreported cash sales—in short, Plaintiff's only evidence is an assertion of tax fraud.

This evidential shortcoming is fatal. In order to survive a summary judgment proceeding, the non-moving party must at least present probative evidence from which a reasonable jury might return a verdict in his favor. *Anderson*, 477 U.S. at 257. Here, Plaintiff has merely made

---

[1] Defendants' ambitious assertion that Plaintiff was not "engaged in [interstate] commerce" does not need to be addressed.

3

an assertion. As such, there is no genuine issue of fact with respect to Best Food in Town's gross revenues from 2013-2015 and FLSA does not apply to Defendants.

### B. This Court Cannot Exercise Supplemental Jurisdiction Over Plaintiff's NJWHL Claims.

Defendants do not qualify as an enterprise under FLSA. Thus, in order to hear Plaintiff's NJWHL claims, this Court would have to exercise supplemental jurisdiction. Supplemental jurisdiction is a "doctrine of discretion." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). This Court "may decline to exercise supplemental jurisdiction" when "all claims over which it has original jurisdiction" are dismissed. 28 U.S.C. § 1367(c). Judicial economy, convenience, and fairness to the litigants are weighed in determining potential retention of jurisdiction. *In re Paoli R.R. Yard Pcb Litig.*, 35 F.3d 717, 737 (3d Cir. 1994). There is, however, a strong policy of allowing state courts to decide state matters. *Shaffer v. Bd. of Sch. Directors of Albert Gallatin Area Sch. Dist.*, 730 F.2d 910, 912 (3d Cir. 1984).

Unfortunately for Plaintiff, there are no special circumstances present here that justify supplemental jurisdiction in this case. This is a state law claim best heard in state court. Plaintiff's claims should be filed there.

### IV. CONCLUSION

For the reasons set forth above, Defendant's motion for summary judgment is **GRANTED**.

Dated:    10/31/2017              s/Robert B. Kugler
                                                             ROBERT B. KUGLER
                                                             United States District Judge